**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| LISA BLUE<br>237 W Coulter Street<br>Philadelphia, PA 19144<br>Plaintiff, | : | CIVIL ACTION<br><br>NO. |
| -vs- | : | |
| BENEFITS DATA TRUST<br>1500 Market Street<br>Suite 2800<br>Philadelphia, PA 19102<br>and<br>ALYSSA WAGNER (*individually*)<br>and<br>SHAKINA LUMCOX (*individually*)<br>and<br>RANDI TATE (*individually*)<br>and<br>ALVANIA BOONE (*individually*)<br>and<br>LAURA PRZYSTAWDSKI (*individually*)<br>and<br>DAVID CULLER (*individually*)<br>Defendants. | : | PLAINTIFF REQUESTS<br>A TRIAL BY JURY<br><br>: |

Plaintiff, Lisa Blue, by and through undersigned counsel, Seth D. Carson hereby files this Civil Action Complaint against Defendants, Benefits Data Trust, Alyssa Wagner (*individually*), Shakina Lumcox (*individually*), Randi Tate (*individually*), Alvania Boone (*individually*), Laura Przystawdski (*individually*), David Culler (*individually*) (collectively and hereinafter "Defendants"), and upon information and belief avers the following:

**PARTIES**

1. Plaintiff, Lisa Blue ("Ms. Blue" or "Plaintiff") is an adult individual who resides in the Commonwealth of Pennsylvania with an address for the purposes of service at 237 W Coulter Street, Philadelphia, Pennsylvania 19144.

2. Defendant, Benefits Data Trust, is a business organization existing under the laws of the Commonwealth of Pennsylvania which is licensed to and regularly transacts business in the City of Philadelphia with an address for the purposes of service at 1500 Market Street, Suite 2800, Philadelphia, Pennsylvania 19102.

3. Defendant, Alyssa Wagner is an adult individual who resides in the Commonwealth of Pennsylvania with a business address for the purposes of service at 1500 Market Street, Suite 2800, Philadelphia, Pennsylvania 19102. Defendant, Alyssa Wagner was the Director of Human Resources during the time that Plaintiff, Lisa Blue was employed by Defendants.

4. Defendant, Shakina Lumcox is an adult individual who resides in the Commonwealth of Pennsylvania with a business address for the purposes of service at 1500 Market Street, Suite 2800, Philadelphia, Pennsylvania 19102. Defendant, Shakina Lumcox was Plaintiff, Lisa Blue's direct Supervisor during the time that Plaintiff, Lisa Blue was employed by Defendants.

5. Defendant, Randi Tate is an adult individual who resides in the Commonwealth of Pennsylvania with a business address for the purposes of service at 1500 Market Street, Suite 2800, Philadelphia, Pennsylvania 19102. Defendant Randi Tate was a supervisor of Plaintiff, Lisa Blue during the time that Plaintiff, Lisa Blue was employed by Defendants.

6. Defendant, Alvania Boone is an adult individual who resides in the Commonwealth of Pennsylvania with a business address for the purposes of service at 1500 Market Street, Suite 2800, Philadelphia, Pennsylvania 19102. Defendant Alvania Boone was a Manager of the

Philadelphia Call Center for Benefits Data Trust during the time that Plaintiff, Lisa Blue was employed by Defendants.

7. Defendant, Laura Przystawdski is an adult individual who resides in the Commonwealth of Pennsylvania with a business address for the purposes of service at 1500 Market Street, Suite 2800, Philadelphia, Pennsylvania 19102. Defendant, Laura Przystawdski was the Director of Operations and supervisor of Plaintiff, Lisa Blue during the time that Plaintiff, Lisa Blue was employed by Defendants.

8. Defendant, David Culler is an adult individual who resides in the Commonwealth of Pennsylvania with a business address for the purposes of service at 1500 Market Street, Suite 2800, Philadelphia, Pennsylvania 19102. Defendant, David Culler was the Manager of Human Resources during the time that Plaintiff, Lisa Blue was employed by Defendants.

9. At all times relevant to this Civil Action Defendants Alyssa Wagner (*individually*), Shakina Lumcox (*individually*), Randi Tate (*individually*), Alvania Boone (*individually*), Laura Przystawdski (*individually*), David Culler (*individually*) held supervisors authority over Plaintiff, Lisa Blue.

10. At all times relevant to this Civil Action, Defendants was Plaintiff's joint and sole employer.

## NATURE OF THE CASE

11. Plaintiff, Lisa Blue complains pursuant to the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 *et. seq.* ("ADEA"); Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (amended in 1972, 1978, and by the Civil Rights Act of 1991, Pub. L. No. 102-166 ("Title VII"); the Pennsylvania Human Relations Act, as amended, 43 P.S. §§ 951, *et. seq.* ("PHRA"); and the Philadelphia Fair Practices Ordinance, § 9-1100 *et. seq.* ("PFPO"), and sees damages to redress the injuries Plaintiff suffered as a result of being subjected

to disparate treatment, hostile work environment, and harassed and discriminated against on the basis of race, color and age, and retaliated against by her employer for complaining and opposing said harassment and discrimination as described herein.

## JURISDICTION AND VENUE

12. Jurisdiction of this action is conferred upon the Court as this action involves Questions under Federal Law pursuant to the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 *et. seq.* ("ADEA") and Title VII of the Civil Rights Act. The honorable Court has supplemental jurisdiction over Plaintiff's Commonwealth claims under the PHRA and her claims pursuant to Philadelphia Ordinance under the PFPO.

13. Venue is proper in this district based upon Defendants' principal place of business within the City of Philadelphia, Commonwealth of Pennsylvania, within the Eastern District of Pennsylvania. Additionally, the events took place in the City of Philadelphia and within the Commonwealth of Pennsylvania. Accordingly venue is proper in the United States District Court for the Eastern District of Pennsylvania.

14. On or around June 2018, Plaintiff, Lisa Blue filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") which was dual filed with the Pennsylvania Human Relations Commission ("PHRC") and the Philadelphia Commission on Human Relations ("PCHR") against Defendants as set forth herein.

15. On or about February 5, 2019, the EEOC issued a Dismissal and Notice of Rights.

16. This action is commenced within ninety (90) days of receipt of the EEOC's Dismissal and Notice of Rights.

17. For expediency, Plaintiff has pled claims pursuant to the Pennsylvania Human Relation Act and the Philadelphia Fair Practice Ordinance. Plaintiff's Commonwealth claims will

become ripe for suit one (1) year after Plaintiff's Charge of Discrimination was filed at the Pennsylvania Human Relations Act. Accordingly Plaintiff's Commonwealth claims will be ripe November 2019.

## MATERIAL FACTS

18. Plaintiff, Lisa Blue began her employment for Defendants sometime around May 2017 as a Benefits Outreach Specialist.

15. Plaintiff, Lisa Blue is a black, African American female who was born March 11, 1962. Accordingly, Plaintiff, Lisa Blue was fifty-seven (57) years old at the time of her unlawful termination from employment due to her age, race and color.

16. During her employment for Defendants, Plaintiff, Lisa Blue was subjected to severe and pervasive harassment and discrimination based upon her age, race and color.

17. Defendants regularly made comments to Plaintiff, Lisa Blue such as, "is your diaper damp?"

18. Defendants insulted Plaintiff, Lisa Blue and humiliated her in front of her coworkers on a daily basis by giving Plaintiff fake assignments that were predicated upon cartoons such as Sponge Bob Square Pants. Defendants laughed at Plaintiff Lisa Blue when she could not understand the assignments and made comments that Plaintiff, Lisa Blue was too slow to understand.

19. Defendants ransacked Plaintiff, Lisa Blue's desk and threw her belongings on the floor.

20. The discrimination and harassment began when Plaintiff began to experience disparate treatment in performing her work assignments. Plaintiff would complete work assignments that were returned to Plaintiff with information missing. Defendant, Shakina

Lumcox was sabotaging Plaintiff's work in a targeted effort to discriminate and harassment Plaintiff based upon Plaintiff's age.

21. Defendant, Shakina Lumcox was Plaintiff's direct supervisor. Plaintiff, Lisa Blue was the oldest employee on Defendant, Shakina Lumcox's team. Defendant, Shakina Lumcox was in her late twenties/early thirties during the time that Plaintiff was employed by Defendants.

22. Defendant, Shakina Lumcox subjected Plaintiff, Lisa Blue to a campaign of discrimination and harassment based upon Plaintiff's age.

23. Defendant, Shakina Lumcox made discriminatory comments to Plaintiff based upon Plaintiff's age such as "are your diapers damp?"

24. Defendant, Shakina Lumcox made discriminatory comments to Plaintiff based upon Plaintiff's age such as "why can't you understand what you are doing?"

25. Defendant, Shakina Lumcox made discriminatory comments to Plaintiff based upon Plaintiff's age such as "why aren't you getting this?"

26. Defendant, Shakina Lumcox made discriminatory comments to Plaintiff based upon Plaintiff's age such as "I don't understand why you can't get it."

27. Defendant, Shakina Lumcox refused to allow Plaintiff, Lisa Blue to undergo Pace Training. Defendant, Shakina Lumcox allowed Plaintiff's similarly situated younger coworkers to undergo Pace Training. Because Plaintiff, Lisa Blue was not allowed to undergo the Pace Training, Plaintiff was denied opportunities that were afforded to Plaintiff's similarly situated younger coworkers.

28. There were approximately nine (9) employees on Defendant, Shakina Lumcox's team. Plaintiff was the only employee who was denied the opportunity to undergo Pace Training. There were no other employees on Defendant, Shakina Lumcox's team that were in their fifties. Plaintiff, Lisa Blue was fifty-seven (57).

29. Defendant, Shakina Lumcox continued to cancel Plaintiff, Lisa Blue's Pace Training. Defendant, Shakina Lumcox told Plaintiff that it was beyond Plaintiff's capabilities because Plaintiff was the only employee on her team that could not figure it out.

30. Defendant, Shakina Lumcox ransacked Plaintiff, Lisa Blue desk on multiple occasions and threw Plaintiff, Lisa Blue's property including Plaintiff's papers, pictures, coffee mug, pens and pencils on the floor.

31. Defendant, Shakina Lumcox deleted Plaintiff's work and ordered Plaintiff to work harder. Defendant, Shakina Lumcox's discrimination and harassment of Plaintiff, Lisa Blue was severe and pervasive and created a hostile work environment for Plaintiff, Lisa Blue.

32. Every day that Plaintiff, Lisa Blue worked with Defendant, Shakina Lumcox, Defendant, Shakina Lumcox harassed Plaintiff by making comments about Plaintiff inabilities to perform the work the rest of her team. At all times Plaintiff's work was satisfactory and was at the same level as any other one of Plaintiff's similarly situated coworkers. Defendant, Shakina Lumcox singled Plaintiff out due to Plaintiff age in a targeted effort to get Plaintiff off of her team.

33. One of Plaintiff coworkers offered to show Plaintiff how to use Pace and Defendant, Shakina Lumcox directed her not to help Plaintiff. Plaintiff's coworker subsequently informed Plaintiff that she was not allowed to show Plaintiff how to use Pace.

34. Plaintiff reported Defendant, Shakina Lumcox's discrimination and harassment based upon Plaintiff's age and Plaintiff was subjected to a campaign of retaliation.

35. Plaintiff reported Defendant, Shakina Lumcox's discrimination and harassment to Defendant, Alvania Boone and Defendant, Alyssa Wagner. Defendant, Alvania Boone and Defendant, Alyssa Wagner refused to consider Plaintiff's reports of discrimination and harassment in the workplace. Defendant, Alvania Boone and Defendant, Alyssa Wagner refused to initiate prompt

remedial measures and as a result endorsed, allowed, approved, sanctioned and permitted the discrimination and harassment to continue. At no time did Defendant, Alvania Boone and Defendant, Alyssa Wagner take Plaintiff's reports of discrimination and harassment seriously. Plaintiff was informed that it was all in her head. Plaintiff was informed that Defendant, Shakina Lumcox knew what she was doing. Plaintiff was informed that Defendant, Shakina Lumcox wouldn't do that. At no time did Defendant investigate, question, interview, or look into Plaintiff reports of discrimination and harassment in the workplace.

36. Plaintiff, Lisa Blue trained for three months before she was assigned to Defendant, Shakina Lumcox's team. Defendant, Shakina Lumcox began her campaign of discrimination and harassment targeting Plaintiff, Lisa Blue almost immediately. Plaintiff began reporting the discrimination and harassment promptly to Defendant, Alvania Boone and Defendant, Alyssa Wagner. Accordingly, Plaintiff began reporting discrimination and harassment as early as September 2017.

37. Pursuant to Plaintiff's reports of discrimination and harassment in the workplace, Plaintiff began to notice that her hours were unfairly adjusted so that Plaintiff was denied equal pay for hours worked.

38. Plaintiff arrived at work every day at 8:45 A.M. Plaintiff clocked in using two methods every day. First, Plaintiff used her keycard to let Plaintiff in the building and then to let Plaintiff into the actual office in Suite 2800. Second, once Plaintiff was in the office in Suite 2800, Plaintiff had to clock in by swiping her keycard. Both methods calculated Plaintiff's arrival time, however, the second method, once Plaintiff was inside Suite 2800, was the way that Defendants' calculated employees' hours. Plaintiff was clocked in and began working everyday at 8:45 A.M. Plaintiff continued working until 5:00 P.M every day. Accordingly, Plaintiff worked 41.25 hours every week.

39. Pursuant to reporting discrimination and harassment in the workplace, Plaintiff began noticing that she was not paid for the full workweek. Defendants deducted hours from Plaintiff's paycheck. Defendants also applied holiday pay and personal pay that Plaintiff never used.

40. Plaintiff reported that hours and pay was being unfairly and incorrectly deducted from Plaintiff's paycheck. As a result Plaintiff noticed that even more hours were taken from her paycheck. Plaintiff also noticed that her personal time was deducted from her pay.

41. Plaintiff continued to report that hours and pay were being unfairly and incorrectly deducted from her paycheck. At no time did Defendants initiate an investigation into Plaintiff's reports. Defendants informed Plaintiff that she was wrong without investigating, interviewing or looking into Plaintiff's reports of pay and hours being unfairly deducted from Plaintiff's paycheck. Defendants dismissed Plaintiff's reports out of hand with no concern for the implications of Plaintiff's reports should Plaintiff's reports have been proven accurate. As a result Defendants condoned, allowed, permitted, and sanctioned money being taken from every one of Plaintiff paychecks during Plaintiff's employment for Defendants.

42. Despite Plaintiff ongoing reports of discrimination and harassment, Plaintiff was forced to continue working with Defendant, Shakina Lumcox until April 2018.

43. In April 2018, Plaintiff was transferred from Defendant, Shakina Lumcox's team to a team managed and supervised by Defendant, Shakina Lumcox's personal friend, Defendant, Randi Tate.

44. Plaintiff began working for Defendant, Randi Tate in April 2018 and the discrimination and harassment got even worse.

45. Defendant, Randi Tate made it clear that she did not like Plaintiff, Lisa Blue. Defendant, Randi Tate spoke to Plaintiff in a demeaning, insulting manner and refused to treat Plaintiff like Plaintiff's similarly situated coworkers.

46. The first thing that Defendant, Randi Tate when she became Plaintiff, Lisa Blue's supervisor was to delete Plaintiff, Lisa Blue's Quality Score for the month of April. Plaintiff's Quality Score for the month of April was high and Defendant, Randi Tate deleted it entirely. Defendants did not delete any other employees Quality Score.

47. Defendant, Randi Tate also asked Plaintiff is Plaintiff diaper was wet.

48. Defendant, Randi Tate refused to allow Plaintiff to be on the website, even after Plaintiff's picture was taken for the website. When Plaintiff noticed that she was not on the company website, Plaintiff asked Defendant, Randi Tate, "why am I not on the website?" Defendant, Randi Tate informed Plaintiff, "you are too old."

49. The discrimination and harassment continued and was severe and pervasive and subjected Plaintiff to a hostile work environment.

50. The discrimination and harassment while working with Defendant, Randi Tate continued to be ratcheted up and on May 30, 2018, a meeting was held in Defendant, Alyssa Wagner's office. Also present was Defendant, Alvania Boone. Plaintiff presented Defendant, Alyssa Wagner and Defendant, Alvania Boone with a letter describing the discrimination and harassment in the workplace. Plaintiff's letter described the way in which Defendants including Defendant, Randi Tate discriminated against Plaintiff by berating Plaintiff for being unable to complete work assignments while simultaneously setting executing strategies to keep Plaintiff from completing work assignment and doing her job.

51. The day after Plaintiff presented this letter to Defendant, Alvania Boone and Alyssa Wagner during the May 30, 2018 meeting, Plaintiff's health savings account was terminated. Plaintiff discovered that her health savings account was terminated May 31, 2018. Defendants also took money out of Plaintiff transportation benefits account and never returned it to Plaintiff, Lisa Blue.

52. Defendant, Randi Tate ordered Plaintiff into her office and accused Plaintiff of using more personal time than Plaintiff already had. Defendant, Randi Tate ordered Plaintiff to sign a document that stated that Plaintiff had used more personal hours than Plaintiff had. Plaintiff refused to sign the document because the information in the document was not accurate. Defendant, Randi Tate said she would fix the document, however, Defendant, Randi Tate refused to make the corrections. The next time that Plaintiff was ordered into Defendant, Randi Tate's office, the document still contained the same incorrect information. Defendant, Randi Tate has simply moved the sentence from the beginning to the middle of the paragraph. Plaintiff, Lisa Blue noticed that the document was still not accurate and refused to sign it again.

53. Plaintiff subsequently had a meeting with Defendant, Randi Tate, Defendant, Alvania Boone and Defendant, Laura Przystawdski the following Friday. Plaintiff informed Defendant, Randi Tate, Defendant, Alvania Boone and Defendant, Laura Przystawdski that Defendant, Randi Tate had threatened Plaintiff by stating that Plaintiff had to sign the document. Defendant, Alvania Boone then ordered Plaintiff to punch out and leave the office immediately.

54. Plaintiff, Lisa Blue did as Defendant, Alvania Boone ordered and left the office on or about Friday, June 22, 2018 at approximately 4:00 P.M. Defendants reported to the Pennsylvania Unemployment office that the reason Plaintiff stopped working on June 22, 2018 was due to job abandonment.

55. In or around June 26, 2018, Plaintiff contacted Defendants to ask why she was ordered to leave on June 22, 2018. Plaintiff, Lisa Blue spoke with Defendant, David Cullen. Defendant, David Cullen informed Plaintiff that "it was a mistake" and asked Plaintiff to visit the office.

56. Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission on or around Monday, June 25, 2018.

57. Plaintiff followed Defendant, David Cullen's instructions and returned to the office on or around Tuesday, June 26, 2018. Plaintiff followed Defendant, David Cullen's instructions and went straight to Defendant Alyssa Wagner's officer upon arrival.

58. Plaintiff notified Defendant, Alyssa Wagner and Defendant, David Cullen that Plaintiff had filed for Pennsylvania unemployment benefits and that Plaintiff had filed a Charge of Discrimination at the Equal Employment Opportunity Commission. Defendant, Alyssa Wagner screamed at the top of lungs at Plaintiff, Lisa Blue and asked, "what do you want?"

59. Defendants instructed Plaintiff to go back to work and Plaintiff worked the remainder of the week. The following Monday, July 2, 2018, Plaintiff was ordered into

Defendant, Alyssa Wagner's office again. Defendant, Alyssa Wagner terminated Plaintiff's employment on July 2, 2018. The reason for Plaintiff's termination is nothing but pretext. Plaintiff was terminated pursuant to discrimination and harassment based upon Plaintiff's age race, color and in retaliation for Plaintiff ongoing reports of discrimination and harassment including filing a Charge of Discrimination with the Equal Employment Opportunity Commission.

60. As a result of Defendants' conduct, Plaintiff was caused to sustain serious and permanent personal injuries, including permanent psychological injuries.

61. As a result of Defendants' actions, Plaintiff felt extremely humiliated, degraded, victimized, embarrassed and emotionally distressed.

62. As a result of the acts and conduct complained of herein, Plaintiff has suffered and will continue to suffer the loss of income, the loss of salary, bonuses, benefits and other compensation.

63. Plaintiff also suffered future pecuniary losses, emotional pain, humiliation, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses.

64. Plaintiff has further experienced severe emotional and physical distress including physical manifestations resulting from Plaintiff's emotional distress.

65. As Defendant's conduct has been malicious, willful, outrageous, and conducted with full knowledge of the law, Plaintiff demands Punitive Damages.

66. Defendants have exhibited a pattern and practice of not only discrimination but also retaliation. Said discrimination, harassment and retaliation was severe and pervasive and created a hostile work environment.

67. At all times Defendants refused to investigate or take appropriate remedial action in response to Plaintiff's complaints of discrimination, harassment and hostile work environment.

68. Defendants discriminatory conduct was severe and pervasive, creating a hostile work environment for Plaintiff.

69. Defendants have exhibited a pattern and practice of not only discrimination but also retaliation.

70. Plaintiff claims a continuous practice of discrimination and makes all claims under the continuing violations doctrine.

71. Plaintiff further claims constructive and/or actual discharge to the extent she was terminated from her position as a result of harassment and retaliation for reporting the same.

72. The above are just some examples, of some of the discrimination and retaliation to which Defendants subjected Plaintiff.

73. Plaintiff was a w2 employee of Defendants; however, in the event Defendants claims or it is determined that Plaintiff was an independent contractor, Plaintiff makes all applicable claims for the above facts and conduct complained of herein under the applicable law pertaining to independent contractors.

**FIRST CAUSE OF ACTION**
**DISCRIMINATION UNDER TITLE VII**
**(against Corporate Defendants only)**

74. Plaintiff, Lisa Blue, hereby incorporates all allegations contained in paragraphs one (1) through seventy-three (73) as fully as if they were set forth at length.

75. This claim is authorized and instituted pursuant to the provisions of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section(s) 2000e et seq., as amended, for relief based upon the unlawful employment practices of the above-named Defendants. Plaintiff complains of

Defendants' violation of Title VII's prohibition against discrimination in employment based, in whole or in part, upon an employee's sex and/or gender.

76. SEC. 2000e-2. *[Section 703]* states as follows:

> (a) Employer practices
>
> It shall be an unlawful employment practice for an employer –
>
> (1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin; or
>
> (2) to limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, sex, or national origin.

77. Defendants engaged in unlawful employment practices prohibited by 42 U.S.C. §2000e et seq., by discriminating against Plaintiff because of her sex and/or gender.

**SECOND CAUSE OF ACTION**
**<u>RETALIATION UNDER TITLE VII</u>**
**(against Corporate Defendants only)**

78. Plaintiff, Lisa Blue, hereby incorporates all allegations contained in paragraph one (1) through seventy-seven (77) as fully as if they were set forth at length.

79. Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-3(a) provides that it shall be an unlawful employment practice for an employer: "(1) to… discriminate against any of his employees… because [s]he has opposed any practice made an unlawful employment practice by this subchapter, or because [s]he has made a charge, testifies, assisted, or participated in any matter in an investigation, proceeding, or hearing under this subchapter."

80. Defendants engaged in unlawful employment practiced prohibited by 42 U.S.C. § 2000e *et seq*. by retaliating against Plaintiff with respect to the terms, conditions, and/or

privileges of her employment because of her opposition to and reporting of the unlawful employment practices of Defendants.

**THIRD CAUSE OF ACTION**
**DISCRIMINATION UNDER STATE LAW**
**(against Corporate Defendants only)**

81. Plaintiff, Lisa Blue, hereby incorporates all allegations contained in paragraphs one (1) through eighty (80) as fully as if they were set forth at length.

82. The PHRA § 955 provides that it shall be an unlawful discriminatory practice: "(a) For any employer because of the race, color, religious creed, ancestry, age, sex, national origin or non-job related handicap or disability or the use of a guide or support animal because of the blindness, deafness or physical handicap of any individual or independent contractor, to refuse to hire or employ or contract with, or to bar or to discharge from employment such individual or independent contractor, or to otherwise discriminate against such individual or independent contractor with respect to compensation, hire, tenure, terms, conditions or privileges of employment or contract, if the individual or independent contractor is the best able and most competent to perform the services required."

83. Defendants engaged in an unlawful discriminatory practice by discriminating against the Plaintiff because of her sex and/or gender.

84. Plaintiff hereby makes a claim against Defendants under all of the applicable paragraphs of the PHRA § 955.

**FOURTH CAUSE OF ACTION**
**RETALIATION UNDER STATE LAW**
**(against all named Defendants)**

85. Plaintiff, Lisa Blue, hereby incorporates all allegations contained in paragraphs one (1) through eighty-four (84) as fully as if they were set forth at length.

86. PHRA § 955(d) provides that it shall be an unlawful discriminatory practice: " For any person, employer, employment agency or labor organization to discriminate in any manner against any individual because such individual has opposed any practice forbidden by this act, or because such individual has made a charge, testified or assisted, in any manner, in any investigation, proceeding or hearing under this act."

87. Defendants engaged in an unlawful discriminatory practice by discharging, retaliating, and otherwise discriminating against the Plaintiff because of Plaintiff's opposition to the unlawful employment practices of Plaintiff's employer.

**FIFTH CAUSE OF ACTION**
**DISCRIMINATION UNDER STATE LAW**
**(against individual named Defendants only)**

88. Plaintiff, Lisa Blue, hereby incorporates all allegations contained in paragraphs one (1) through eighty-seven (87) as fully as if they were set forth at length.

89. PHRA § 955(e) provides that it shall be an unlawful discriminatory practice: " For any person, employer, employment agency, labor organization or employee, to aid, abet, incite, compel or coerce the doing of any act declared by this section to be an unlawful discriminatory practice, or to obstruct or prevent any person from complying with the provisions of this act or any order issued thereunder, or to attempt, directly or indirectly, to commit any act declared by this section to be an unlawful discriminatory practice."

90. Defendants engaged in an unlawful discriminatory practice in violation of PHRA §955(e) by committing assault and battery, aiding, abetting, inciting, compelling and coercing the discriminatory conduct.

**SIXTH CAUSE OF ACTION**
**DISCRIMINATION UNDER THE**
**PHILADELPHIA CITY ADMINISTRATIVE ORDINANCE**
**(against all named Defendants)**

91. Plaintiff, Lisa Blue, hereby incorporates all allegations contained in paragraphs one (1) through ninety (90) as fully as if they were set forth at length.

92. The Philadelphia Fair Practices Ordinance § 9-1103(1) provides that it shall be an unlawful discriminatory practice: "It shall be an unlawful employment practice to deny or interfere with the employment opportunities of an individual based upon his or her race, ethnicity, color, sex (including pregnancy, childbirth, or a related medical condition), sexual orientation, gender identity, religion, national origin, ancestry, age, disability, marital status, familial status, genetic information, or domestic or sexual violence victim status, including, but not limited to, the following: (a) For any employer to refuse to hire, discharge, or otherwise discriminate against an individual, with respect to any matter directly or indirectly related to employment."

93. Defendants engages in an unlawful discriminatory practice in violation of Philadelphia Fair Practices Ordinance § 9-1103(1) by creating and maintaining discriminatory working conditions, and otherwise discrimination against Plaintiff because of Plaintiff's sex and/or gender.

94. Plaintiff, Lisa Blue, hereby makes a claim against Defendants under all of the applicable paragraphs of Philadelphia Fair Practices Ordinance Chapter 9-1100.

**SEVENTH CAUSE OF ACTION**
**RETALIATION UNDER THE**
**PHILADELPHIA CITY ADMINISTRATIVE ORDINANCE**
**(against all named Defendants)**

95. Plaintiff, Lisa Blue, hereby incorporates all allegations contained in paragraphs one (1) through ninety-four (94) as fully as if they were set forth at length.

96. The Philadelphia Fair Practices Ordinance § 9-1103(1)(g) provides that it shall be an unlawful discriminatory practice: "For any person to harass, threaten, harm, damage, or otherwise penalize, retaliate or discriminate in any manner against any person because he, she, or it has complied with the provisions of this Chapter, exercised his, her or its rights under this Chapter, enjoyed the benefits of this Chapter, or made a charge, testified or assisted in any manner in any investigation, proceeding or hearing hereunder."

97. Defendants engaged in an unlawful discriminatory practice in violation of Philadelphia Fair Practices Ordinance § 9-1103(1)(g) by discriminating against the Plaintiff because of Plaintiff's opposition to the unlawful employment practices of Plaintiff's employer.

**EIGHTH CAUSE OF ACTION**
**DISCRIMINATION UNDER THE**
**PHILADELPHIA CITY ADMINISTRATIVE ORDINANCE**
**(against individual Defendants only)**

98. Plaintiff, Lisa Blue, hereby incorporates all allegations contained in paragraphs one (1) through ninety-seven (97) as fully as if they were set forth at length.

99. The Philadelphia Fair Practices Ordinance § 9-1103(1)(h) provides that is shall be an unlawful discriminatory practice: "For any person to aid, abet, incite, induce, compel or coerce the doing of any unlawful employment practice or to obstruct or prevent any person from complying with the provision of this Section or any order issued hereunder or to attempt directly or indirectly to commit any act declared by this Section to be an unlawful employment practice."

100. Defendants engaged in an unlawful discriminatory practice in violation of Philadelphia Fair Practices Ordinance § 9-1103(1)(h) by aiding, abetting, inciting, compelling and coercing the above discriminatory, unlawful and retaliatory conduct.

**NINTH CAUSE OF ACTION**
**DISCRIMINATION UNDER THE AGE DISCRIMINATION IN EMPLOYMENT ACT, AS AMENDED, BY THE OLDER WORKERS BENEFITS PROTECTION ACT, 29 U.S.C. § 621, ET SEQ. ("ADEA")**
**(Not Against Individual Respondents)**

101. Plaintiff, Lisa Blue, hereby incorporates all allegations contained in paragraphs one (1) through one-hundred (100) as fully as if they were set forth at length.

102. Section 626 of the ADEA provides it shall be unlawful for an employer:

> (1) to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to their compensation, terms, conditions, or privileges of employment, because of such individual's age;
>
> (2) to limit, segregate, or classify their employees in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's age; or
>
> (3) to reduce the wage rate of any employee in order to comply with this chapter.
>
> (b) It shall be unlawful for an employment agency to fail or refuse to refer for employment, or otherwise to discriminate against, any individual because of such individual's age, or to classify or refer for employment any individual on the basis of such individual's age.

103. Defendants engaged in unlawful employment practices prohibited by Section 626 of the ADEA by discriminating against Plaintiff because of her age.

**TENTH CAUSE OF ACTION**
**RETALIATION UNDER THE ADEA**
**(Not Against Individual Respondents)**

104. Plaintiff, Lisa Blue, hereby incorporates all allegations contained in paragraphs one (1) through one-hundred-three (103) as fully as if they were set forth at length.

105. Section 623 (d) of the ADEA states the following:

> "It shall be unlawful for an employer to discriminate against any of his employees or applicants for employment, for an employment agency to discriminate against any individual, or for a labor organization to

> discriminate against any member thereof or applicant for membership, because such individual, member or applicant for membership has opposed any practice made unlawful by this section, or because such individual, member or applicant for membership has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or litigation under this chapter."

106 Defendants violated Section 623 (d) of the ADEA because Defendants discriminated against Plaintiff due to Plaintiff's complaints of Defendants' unlawful employment practices as previously set forth herein.

**JURY DEMAND**

Plaintiff requests a jury trial on all issues to be tried.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff demands judgment against Defendants, jointly and severally, in an amount to be determined at the time of trial plus interest, punitive damages, liquidated damages, statutory damages, attorneys' fees, costs, and disbursements of action; and for such other relief as the Court deems just and proper.

**DEREK SMITH LAW GROUP, PLLC**

By: ______________________

Seth D. Carson, Esquire
1835 Market Street, Suite 2950
Philadelphia, Pennsylvania 19103
Phone: 215.391.4790
Email: seth@dereksmithlaw.com

DATED: May 24, 2019